(No. 5375—

Frank Kendrick, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 13, 1969.*

Redman and Shearer, Attorneys for Claimant.

William J. Scott, Attorney General; Edward L. S. Arkema, Jr., and Saul R. Wexler, Assistant Attorneys General, for Respondent.

Dove, J.

Claimant brings this action to recover for theft of certain items of personal property valued at $122.10 from his automobile. On November 16, 1966, the automobile of claimant, Frank Kendrick, was stolen. At the time of the theft various items of personal property owned by claimant were located inside the vehicle. Claimant parked his unlocked car, with the keys in the ignition in a private parking area parallel to the street, and about forty feet from his home on 7th Street in St. Charles, Illinois. Sometime between midnight and 5:30 A.M. the following morning the vehicle containing the personal property was stolen.

Approximately one week later, Mr. Alfred Buscher, a representative of the St. Charles School for Boys, returned to claimant a green corduroy coat, which had been damaged. On December 5, 1966, Mr. Buscher again contacted claimant by letter acknowledging the theft of items listed by claimant, and stated that claim could be initiated through the Court of Claims of the State of Illinois. The letter further acknowledged the probability of the theft by inmates of the Boys' School, who had escaped on November 16, 1966.

Respondent contends that claimant has failed to prove that the State was negligent in allowing the inmates to escape, and further that claimant was contributorily negligent by reason of the fact that he left the keys to the car in the ignition when it was parked in front of his residence.

Prior decisions of this Court have held that the State is not an insurer, and is liable for damages only if the State is negligent in allowing the inmate to escape from a State institution. *Malloy* vs. *State of Illinois,* 18 C.C.R. 137; *Huff* vs. *State of Illinois,* 22 C.C.R. 361. Respondent offered no testimony with respect to the question of negligence in allowing the inmates of the Boys' School to escape on the date in question. In the case of *U. S. Fidelity and Guaranty Company, A Corporation,* vs. *State of Illinois,* 23 C.C.R. 188, the Court held that it was incumbent upon the State to come forward with evidence to show that it was not negligent in a situation such as this. Based upon the evidence submitted by claimant in this case, and upon respondent's failure to offer any evidence showing its freedom from negligence in allowing inmates to escape from the State institution, the Court concludes that claimant has borne the burden of proof; that respondent was negligent in allowing the inmates to escape; and, that such negligence was the proximate cause of claimant's loss of personal property.

It is the further opinion of this Court that claimant was not guilty of contributory negligence in allowing the keys to his automobile to remain in the ignition and the doors unlocked at the time said automobile was stolen. In the case of *U. S. Fidelity and Guaranty Company, A Corporation,* vs. *State of Illinois,* 23 C.C.R. 188, the Court pointed out that there was no rule of common law requiring that keys be removed from an automobile, and the Court held that the statute prohibiting the leaving of the key in the ignition of an automobile did not apply to an automobile parked on private property. In the case of *Stanko* vs. *Zilien,* 33 Ill. App. 2d (1961), the Court held that the "Key in the Ignition" statute does not apply to persons who have their cars on private property.

It is the opinion of the Court that the area in which claimant had parked his automobile should not be classified as a public highway, and that, therefore, to leave the keys in the car was not in violation of the statute.

Claimant is hereby awarded the sum of $122.10.